# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**CCA AND B, LLC,**

    *Plaintiff,*

       v.

anhuaxiansizhichuangdianzishangwuyouxianzerengongs;
anhuisipeifandianzishangwuyouxiangongsi;
AnQingBuZuDianZiShangWuYouXianGongSi;
AnQingJiangHuaDianZiShangWuYouXianGongSi;
anqingnianshaoshangmaoyouxiangongsi;
anqingyiguoshangmaoyouxiangongsi;
baodingyinggoudianzishangwuyouxiangongsi;
binzhoushizhanhuaquzengzhijiaoyuxinxifuwultd;
bozhoupopiaomaoyiyouxiangongsi;
ChangChunShiZiXuShangMaoYouXianGongSi;
changshadatengjiancaimaoyiyouxiangongsi;
Changyuanxianyuyidianzishangmaoyouxianzerengongsi;
ChenBaiQuan;
chengdudaruiduanshangmaoyouxiangongsi;
ChengDuHeiMaYiShangMaoYouXianGongSi;
ChengDuShiQingBaiJiangQuLeChuXinShangMaoJingYi
ngBu;
ChengDuZhiZaiYuanFangDianZiShangWuYouXianGong
Si; chengmaibotaodianzishangwuyouxiangongsi;
chongqingjinshikongdianzishangwu Ltd; couraged;
Darries; DONG GUAN ZHAN MAI WANG LUO KE JI
Co., Ltd; Dongguanshi Lingqing Wangluokeji
Youxiangongsi;
dongguanshikangliandayundongyongpinyouxiangongsi;
Dongguanshiliangbingyedianzishangwuyouxiangongsi;
dongguanshitangxiaweiranshipinshangdian;
dongyangshiweishanzhenronggudianzishangwushanghang
; foshanshinianliushijimaoyiyouxiangongsi; FRANSOI;
fuanshipuxingdianzikejiyouxiangongsi; Galagaga;

| | Civil Action No. |
|---|---|

1

**Guangzhou Haihong Electronic Technology Co Ltd; Guangzhou Kanglan Maoyi Youxian Gongsi; guangzhou xinbaokejiyouxiangongsi; Guangzhou Youbei Dianzishangwu Youxiangongsi; guangzhouhechunmaoyiyouxiangongsi; guangzhouhuibaomaoyiyouxiangongsi; GuangZhouShi BiMaWen QiYeGuanLiFuWu Co.Ltd; guangzhoushibaomandianzishangwuyouxiangongsi; guangzhoushihaoyueshangmaoyouxiangongsi; guangzhoushilonglindianzishangwuyouxiangongsi; guangzhoushiyiweimaoyiyouxiangongsi; guangzhoushiyiyaomaoyiyouxiangongsi; guangzhouxinqikejiyouxiangongsi; guangzhouxizhekejiyouxiangongsi; guangzhouyanshuanshangmaoyouxiangongsi; GuoJunTao; haikoushiboyulinshangmaoyouxiangongsi; haikoushihongweihongbaihuoshanghang; haikoushixikainuoshangmaoyouxiangongsi; hebeijiaoangwangluokejiyouxiangongsi; hefei hanchan wangluokejiyouxiangongsi; HEFEI HUISAI XINXIKEJI YOUXIANGONGSI; Hefei Masaquan Trading Co. LTD; HEFEI RONGJUN DIANZISHANGWUYOUXIANGONGSI; hefeipiefengshangmaoyouxiangongsi; hefeishishushanquyizhiwanbaihuoshanghang; henanchenghuikejiyouxiangongsi; henanshengchangluoshangmaoyouxiangongsi; Henanxiaocaoqichexiaoshouyouxiangongsi; henanzongtashangmaoyouxiangongsi; Hommey health; huangshanshihuangshanquyingluobaihuoshanghang; huizhoushijinyidianzishangwuyouxiangongsi; Jeneey International Trade Co., Ltd.; Ji'an Yongzhuo Engineering Co., Ltd.; jiandeshiqiantanzhenxiaoxifushipindian; Jiangyin yamasun Trade Co., Ltd; jiawangquwokedianzishangwubu; JIN LING; jiujianggaoshuoshangmaohang; jiujiangshihuiwendianzishangwuyouxiangongsi;**

jiujiangshioulaisendianzishangwuyouxiangongsi; Joybuy; JoyinDirect; KarineLavallee; KR-TEC. LLC; Kunming Leining acenaphthene e-commerce Co., Ltd; kunmingjiedieshangmaoyouxiangongsi; kunmingqibeiwukejiyouxiangongsi; Lanceey; langfangbaiyukejiyouxiangongsi; LanXiShiLiAiYingYouQiDian; libertyzqa; LingDone Tools; LIULIYI; liuyuxiang; Longyanaidiwangluokejiyouxiangongsi; luoyangshi zhengmeishangmaoyouxiangongsi; Maiming Ruiyi ltd.co; Myriads Retail Group, LLC; nanjinghongzhoushangmaoyouxiangongsi; nanjingjuanranshangmaoyouxiangongsi; nanninghejingfuyedianzishangwuyouxiangongsi; ning de yu ming dian zi shang wu you xian gong si; Ningbo Mengaisen Jinchukou Youxian Gongsi; NingboChuyingDianzishangwuyouxiangongsi; ningxiajinyiyuanshangmaoyouxiangongsi; PENGXU TRADING LLC; pingdingshanshilelingshangmaoyouxiangongsi; pingyaojietianshangdianzishangwuyouxianzerengongsi; Qing Yang Fei Yun Xin Xi Ji Shu You Xian Gong Si; qinhuaiquerfanpanhuazhuangpindian; ReColorized Home; RONGFENGPENG; ruzhoushijiqiashangmaoyouxiangongsi; ruzhoushiqingxishangmaoyouxiangongsi; ShangHaiBinBingMaoYiYouXianGongSi; Shen zhen ao tu ao ke ji you xian gong si; shen zhen shi ai chuang dian zi shang wu you xian; shen zhen shi hui le shang mao you xian gong si; SHEN ZHEN SHI MENG RU JIA JU YOU XIAN GONG SI; shen zhen shi zi yi ke ji you xian gong si; shenzhenaotuoxunwangluokejiyouxiangongsi; Shenzhenmaankejiyouxiangongsi; shenzhenshi beimaji maoyiyouxiangongsi; SHENZHENSHI FANRUI WANGLUOKEJI YOUXIANGONGSI; SHENZHENSHIBEIYOULIANGKEJIYOUXIANGONG SI; shenzhenshicheshiguandianziyouxiangongsi; shenzhenshidajidalidengshiyouxiangongsi;

ShenZhenShiDiWanCiDianZiJiShuYouXianGongSi;
shenzhenshifengchuangdianzishangwuyouxiangongsi;
shenzhenshihuachenlanDIANZIshangwuyouxiangongsi;
shenzhenshijiazhixingtaidianzishangwuyouxiangongsi;
shenzhenshimengyingdianzishangwuyouxiangongsi;
ShenZhenShiMingShunHengDianZiShangWuYouXianGo
ngSi; shenzhenshiruichijiajuyongpinyouxiangongsi;
shenzhenshiruiyudakejiyouxiangongsi;
shenzhenshiyounikehuazhuangpinyouxiangongsi;
ShenZhenShiYouYiKeJiShuYouXianGongSi;
shenzhenshiyungangmaoyiyouxiangongsi;
shenzhenshizepinyoukejiyouxiangongsi;
ShenzhenXinchuangxinAutomationEquipmentCo., Ltd.;
shenzhenxujingxingkejiyouxiangongsi;
shenzhenyebaikejiyouxiangongsi;
Shenzhishijixiaoyoushangmaoyouxiangongsi;
sichuanhonghaozhizhidianzishangwuyouxiangongsi;
STAY-US; suzhoushisantaiwuliuyouxiangongsi;
TaiYuanLanJinBaoBeiDianZiShangWuYouXianGongSi;
taiyuanquncaishangmaoyouxiangongsi;
taiyuanshiwanbailinquyoupingbaihuodian;
taiyuanshiyingzequnikebaihuodian;
taiyuantepuhuidianzikejiyouxiangongsi;
TaiYuanZangXianWuXinXiJiShuZiXunFuWuYouXianG
ongSi; tangshanyidiandaodianzishangwuyouxiangongsi;
TengNuoDi; tianjinqilundianzishangwuyouxiangongsi;
TuLian; wanzaixiandiyubaihuoshanghang;
wufengpinxixibaihuoshanghang;
wufengtujiazuzizhixianyinboshangmaohang;
wufengxiangbingshangmaojingyingbu;
wufengyiyaobaihuomenshibu; Wuhan Economic and
Technological Development Zone;
WuHanDiCuiGeKeJiYouXianGongSi;
WuHanMingXiDianZiShangWuYouXianGongSi;
WuHanPaiKaKeJiYouXianGongSi;
wuhanruilongxiangshanmaoyouxiangongshi;
wuhanruisibaishangmaoyouxiangongsi;
wuhanshengyunyouzhinengkejiyouxiangongsi;

WuHanZhangQinKeJiYouXianGongSi;
wuhuliangsishangmaoyouxiangongsi;
wuhushiaisensidianzishangwuyouxiangongsi;
wuzhishanyiyuexingshangmaoyouxiangongsi;
Xiamenshishaojinghankejiyouxiangongsi;
xiangyanghaoyinglaidianzishangwuyouxiangongsi;
xiangyangxingfanyudianzishangwuyouxiangongsi;
xianxianhongqingshangmaoyouxiangongsi;
xiayixianhuiyushangmaoyouxiangongsi; xieyao; XinJiu;
XuanXuanFeiFei;
xuzhouasididianzishangwuyouxiangongsi; yangzhao
huang; yepeixinxike; Yihuxing shenzhen
jiajuyouxiangongsi;
yingshanxianzhuangyunshangmaohang; Yiwu Jiapeng
Commodity Co., LTD; YIWU RUIDI MAOYI YOUXIAN
GONGSI; Yiwu Shenfu Trade Co.,LTD; Yiwu shi min lan
dianzi shangwu youxian gongsi; yiwushi shengwei
gongyipin youxian gongsi;
YIWUSHIQINGXIEDIANZISHANGWUYOUXIANGON
GSI; Yiyun Cross-border E-commerce Co., Limited; Yong
Yao; yongchengshixinyayapengshangmaoyouxiangongsi;
YuanPingXinRanShangMaoYouXianGongsi; YYL001;
zhangheng; zhangpuguangyuanfumaoyiyouxiangongsi;
ZHANGZUTAO; zhanjiangshihanbingkejiyouxiangongsi;
zhanjiangshisantaishangmaoyouxiangongsi;
Zhanjiangshitengxiaodianzishangwuyouxiangongsi; zheng
zhou cui hao dian zi ke ji you xian gong si; zheng zhou
jian jiong shang mao you xian gong si;
zhengzhouhangkonggangqucanyuanshangmaoshanghang;
ZhengZhouHangKongGangQuHaiJieShangMaoShangHa
ng; zhengzhoulaiqietewangluokejiyouxiangongsi;
ZhengzhouLangyoumingDailyNecessitiesSalesCo.,Ltd.;
ZhengZhouShiErQiQuHuiCongFuZhuangDian;
zhengzhoushierqiquyunbeiriyongbaihuoshanghang;
zhengzhoushilanwangxianwangluokejijingyingbu;
zhengzhoushimiaojiongwangluokejiyouxiangongsi;
zhengzhousunzunshangmaoyouxiangongsi; zhezhe store;
Zhiliang Li; ZHONG SHAN OUGUAN LIGHITNG

5

CO.,LTD; **Zhongshan Xuanying Electrical Technology Co Ltd; Zhongshanshi Shuangtao Dianzishangwu Youxiangongsi; Zhou Jianghui; zhou kou qiu mao wang luo ke ji you xian gong sI; zhouyezhen; and zunyiliheifengwangluokejiyouxianzerengongsi,**

*Defendants.*

## **COMPLAINT**

1)      This action for damages and injunctive relief is brought by Plaintiff pursuant to the United States Trademark Act (the Lanham Act), 15 U.S.C. § 1051 *et seq.*, the United States Copyright Act, 17 U.S.C. § 101 *et seq.* as amended, and other common law and statutory law as set forth herein.

2)      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 (trademark) and 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark and copyright). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367

3)      This Court has personal jurisdiction over Defendants because Defendants, on information and belief, transact business within Georgia or have committed a tortious injury within Georgia caused by an act or omission outside the state and regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed in Georgia.

4)      Alternatively, this Court has personal jurisdiction over Defendants pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure if any given Defendant is not subject to the jurisdiction of any state's court of general jurisdiction, because exercising jurisdiction over each Defendant is consistent with the United States Constitution and its laws.

5)      Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the property that is the subject of the action is situated in this district, and/or because Defendants are subject to personal jurisdiction in this district, and/or because Defendants do not reside in the United States and, therefore, may be sued in any judicial district.

## THE PARTIES

6)      Plaintiff CCA and B, LLC d/b/a The Lumistella Company ("Plaintiff") is a Georgia limited liability company with its principal place of business at 3350 Riverwood Parkway, Suite 300, Atlanta, GA 30339.

7)      On information and belief, Defendants anhuaxiansizhichuangdianzishangwuyouxianzerengongs; anhuisipeifandianzishangwuyouxiangongsi; AnQingBuZuDianZiShangWuYouXianGongSi; AnQingJiangHuaDianZiShangWuYouXianGongSi;

7

anqingnianshaoshangmaoyouxiangongsi; anqingyiguoshangmaoyouxiangongsi;

baodingyinggoudianzishangwuyouxiangongsi;

binzhoushizhanhuaquzengzhijiaoyuxinxifuwultd;

bozhoupopiaomaoyiyouxiangongsi;

ChangChunShiZiXuShangMaoYouXianGongSi;

changshadatengjiancaimaoyiyouxiangongsi;

Changyuanxianyuyidianzishangmaoyouxianzerengongsi; ChenBaiQuan;

chengdudaruiduanshangmaoyouxiangongsi;

ChengDuHeiMaYiShangMaoYouXianGongSi;

ChengDuShiQingBaiJiangQuLeChuXinShangMaoJingYingBu;

ChengDuZhiZaiYuanFangDianZiShangWuYouXianGongSi;

chengmaibotaodianzishangwuyouxiangongsi; chongqingjinshikongdianzishangwu

Ltd; couraged; Darries; DONG GUAN ZHAN MAI WANG LUO KE JI Co., Ltd;

Dongguanshi Lingqing Wangluokeji Youxiangongsi;

dongguanshikangliandayundongyongpinyouxiangongsi;

Dongguanshiliangbingyedianzishangwuyouxiangongsi;

dongguanshitangxiaweiranshipinshangdian;

dongyangshiweishanzhenronggudianzishangwushanghang;

foshanshinianliushijimaoyiyouxiangongsi; FRANSOI;

8

fuanshipuxingdianzikejiyouxiangongsi; Galagaga; Guangzhou Haihong Electronic

Technology Co Ltd; Guangzhou Kanglan Maoyi Youxian Gongsi; guangzhou

xinbaokejiyouxiangongsi; Guangzhou Youbei Dianzishangwu Youxiangongsi;

guangzhouhechunmaoyiyouxiangongsi; guangzhouhuibaomaoyiyouxiangongsi;

GuangZhouShi BiMaWen QiYeGuanLiFuWu Co.Ltd;

guangzhoushibaomandianzishangwuyouxiangongsi;

guangzhoushihaoyueshangmaoyouxiangongsi;

guangzhoushilonglindianzishangwuyouxiangongsi;

guangzhoushiyiweimaoyiyouxiangongsi; guangzhoushiyiyaomaoyiyouxiangongsi;

guangzhouxinqikejiyouxiangongsi; guangzhouxizhekejiyouxiangongsi;

guangzhouyanshuanshangmaoyouxiangongsi; GuoJunTao;

haikoushiboyulinshangmaoyouxiangongsi;

haikoushihongweihongbaihuoshanghang;

haikoushixikainuoshangmaoyouxiangongsi;

hebeijiaoangwangluokejiyouxiangongsi; hefei hanchan wangluokejiyouxiangongsi;

HEFEI HUISAI XINXIKEJI YOUXIANGONGSI; Hefei Masaquan Trading Co.

LTD; HEFEI RONGJUN DIANZISHANGWUYOUXIANGONGSI;

hefeipiefengshangmaoyouxiangongsi;

hefeishishushanquyizhiwanbaihuoshanghang; henanchenghuikejiyouxiangongsi;

henanshengchangluoshangmaoyouxiangongsi;

Henanxiaocaoqichexiaoshouyouxiangongsi; henanzongtashangmaoyouxiangongsi;

Hommey health; huangshanshihuangshanquyingluobaihuoshanghang;

huizhoushijinyidianzishangwuyouxiangongsi; Jeneey International Trade Co., Ltd.;

Ji'an Yongzhuo Engineering Co., Ltd.; jiandeshiqiantanzhenxiaoxifushipindian;

Jiangyin yamasun Trade Co., Ltd; jiawangquwokedianzishangwubu; JIN LING;

jiujianggaoshuoshangmaohang; jiujiangshihuiwendianzishangwuyouxiangongsi;

jiujiangshioulaisendianzishangwuyouxiangongsi; Joybuy; JoyinDirect;

KarineLavallee; KR-TEC. LLC; Kunming Leining acenaphthene e-commerce Co.,

Ltd; kunmingjiedieshangmaoyouxiangongsi; kunmingqibeiwukejiyouxiangongsi;

Lanceey; langfangbaiyukejiyouxiangongsi; LanXiShiLiAiYingYouQiDian;

libertyzqa; LingDone Tools; LIULIYI; liuyuxiang;

Longyanaidiwangluokejiyouxiangongsi; luoyangshi

zhengmeishangmaoyouxiangongsi; Maiming Ruiyi ltd.co; Myriads Retail Group,

LLC; nanjinghongzhoushangmaoyouxiangongsi;

nanjingjuanranshangmaoyouxiangongsi;

nanninghejingfuyedianzishangwuyouxiangongsi; ning de yu ming dian zi shang

wu you xian gong si; Ningbo Mengaisen Jinchukou Youxian Gongsi;

NingboChuyingDianzishangwuyouxiangongsi;

ningxiajinyiyuanshangmaoyouxiangongsi; PENGXU TRADING LLC;

pingdingshanshilelingshangmaoyouxiangongsi;

pingyaojietianshangdianzishangwuyouxianzerengongsi; Qing Yang Fei Yun Xin

Xi Ji Shu You Xian Gong Si; qinhuaiquerfanpanhuazhuangpindian; ReColorized

Home; RONGFENGPENG; ruzhoushijiqiashangmaoyouxiangongsi;

ruzhoushiqingxishangmaoyouxiangongsi;

ShangHaiBinBingMaoYiYouXianGongSi; Shen zhen ao tu ao ke ji you xian gong

si; shen zhen shi ai chuang dian zi shang wu you xian; shen zhen shi hui le shang

mao you xian gong si; SHEN ZHEN SHI MENG RU JIA JU YOU XIAN GONG

SI; shen zhen shi zi yi ke ji you xian gong si;

shenzhenaotuoxunwangluokejiyouxiangongsi; Shenzhenmaankejiyouxiangongsi;

shenzhenshi beimaji maoyiyouxiangongsi; SHENZHENSHI FANRUI

WANGLUOKEJI YOUXIANGONGSI;

SHENZHENSHIBEIYOULIANGKEJIYOUXIANGONGSI;

shenzhenshicheshiguandianziyouxiangongsi;

shenzhenshidajidalidengshiyouxiangongsi;

ShenZhenShiDiWanCiDianZiJiShuYouXianGongSi;

shenzhenshifengchuangdianzishangwuyouxiangongsi;

shenzhenshihuachenlanDIANZIshangwuyouxiangongsi;

11

shenzhenshijiazhixingtaidianzishangwuyouxiangongsi;

shenzhenshimengyingdianzishangwuyouxiangongsi;

ShenZhenShiMingShunHengDianZiShangWuYouXianGongSi;

shenzhenshiruichijiajuyongpinyouxiangongsi;

shenzhenshiruiyudakejiyouxiangongsi;

shenzhenshiyounikehuazhuangpinyouxiangongsi;

ShenZhenShiYouYiKeJiShuYouXianGongSi;

shenzhenshiyungangmaoyiyouxiangongsi;

shenzhenshizepinyoukejiyouxiangongsi;

ShenzhenXinchuangxinAutomationEquipmentCo., Ltd.;

shenzhenxujingxingkejiyouxiangongsi; shenzhenyebaikejiyouxiangongsi;

Shenzhishijixiaoyoushangmaoyouxiangongsi;

sichuanhonghaozhizhidianzishangwuyouxiangongsi; STAY-US;

suzhoushisantaiwuliuyouxiangongsi;

TaiYuanLanJinBaoBeiDianZiShangWuYouXianGongSi;

taiyuanquncaishangmaoyouxiangongsi; taiyuanshiwanbailinquyoupingbaihuodian;

taiyuanshiyingzequnikebaihuodian; taiyuantepuhuidianzikejiyouxiangongsi;

TaiYuanZangXianWuXinXiJiShuZiXunFuWuYouXianGongSi;

tangshanyidiandaodianzishangwuyouxiangongsi; TengNuoDi;

tianjinqilundianzishangwuyouxiangongsi; TuLian;

wanzaixiandiyubaihuoshanghang; wufengpinxixibaihuoshanghang;

wufengtujiazuzizhixianyinboshangmaohang;

wufengxiangbingshangmaojingyingbu; wufengyiyaobaihuomenshibu; Wuhan

Economic and Technological Development Zone;

WuHanDiCuiGeKeJiYouXianGongSi;

WuHanMingXiDianZiShangWuYouXianGongSi;

WuHanPaiKaKeJiYouXianGongSi; wuhanruilongxiangshanmaoyouxiangongshi;

wuhanruisibaishangmaoyouxiangongsi;

wuhanshengyunyouzhinengkejiyouxiangongsi;

WuHanZhangQinKeJiYouXianGongSi; wuhuliangsishangmaoyouxiangongsi;

wuhushiaisensidianzishangwuyouxiangongsi;

wuzhishanyiyuexingshangmaoyouxiangongsi;

Xiamenshishaojinghankejiyouxiangongsi;

xiangyanghaoyinglaidianzishangwuyouxiangongsi;

xiangyangxingfanyudianzishangwuyouxiangongsi;

xianxianhongqingshangmaoyouxiangongsi;

xiayixianhuiyushangmaoyouxiangongsi; xieyao; XinJiu; XuanXuanFeiFei;

xuzhouasididianzishangwuyouxiangongsi; yangzhao huang; yepeixinxike;

Yihuxing shenzhen jiajuyouxiangongsi; yingshanxianzhuangyunshangmaohang;

Yiwu Jiapeng Commodity Co., LTD; YIWU RUIDI MAOYI YOUXIAN

GONGSI; Yiwu Shenfu Trade Co.,LTD; Yiwu shi min lan dianzi shangwu

youxian gongsi; yiwushi shengwei gongyipin youxian gongsi;

YIWUSHIQINGXIEDIANZISHANGWUYOUXIANGONGSI; Yiyun Cross-

border E-commerce Co., Limited; Yong Yao;

yongchengshixinyayapengshangmaoyouxiangongsi;

YuanPingXinRanShangMaoYouXianGongsi; YYL001; zhangheng;

zhangpuguangyuanfumaoyiyouxiangongsi; ZHANGZUTAO;

zhanjiangshihanbingkejiyouxiangongsi;

zhanjiangshisantaishangmaoyouxiangongsi;

Zhanjiangshitengxiaodianzishangwuyouxiangongsi; zheng zhou cui hao dian zi ke

ji you xian gong si; zheng zhou jian jiong shang mao you xian gong si;

zhengzhouhangkonggangqucanyuanshangmaoshanghang;

ZhengZhouHangKongGangQuHaiJieShangMaoShangHang;

zhengzhoulaiqietewangluokejiyouxiangongsi;

ZhengzhouLangyoumingDailyNecessitiesSalesCo.,Ltd.;

ZhengZhouShiErQiQuHuiCongFuZhuangDian;

zhengzhoushierqiquyunbeiriyongbaihuoshanghang;

14

zhengzhoushilanwangxianwangluokejijingyingbu;

zhengzhoushimiaojiongwangluokejiyouxiangongsi;

zhengzhousunzunshangmaoyouxiangongsi; zhezhe store; Zhiliang Li; ZHONG

SHAN OUGUAN LIGHITNG CO.,LTD; Zhongshan Xuanying Electrical

Technology Co Ltd; Zhongshanshi Shuangtao Dianzishangwu Youxiangongsi;

Zhou Jianghui; zhou kou qiu mao wang luo ke ji you xian gong sI; zhouyezhen;

and zunyiliheifengwangluokejiyouxianzerengongsi ("Defendants") are foreign

entities, associations or individuals with unknown locations, all of whom advertise

and sell a variety of goods through their virtual storefronts on various e-commerce

marketplaces, such as Alibaba, AliExpress, DHGate, Amazon, Ebay, Joom, Etsy,

Walmart, and/or Wish (each a "Marketplace" and collectively the "Marketplaces").

     8)     Each Defendant is known to Plaintiff only by its unique Marketplace

name and ID number.

     9)     On information and belief, Defendants offer for sale, sell, and ship

goods to customers in the United States, including in this judicial district, through

their virtual storefronts on the Marketplaces.

## RELEVANT FACTS

### Plaintiff's Trademarks and Copyrights

10)     Plaintiff is, among other things, a family-owned and operated publishing company.

11)     In 2005, two of Plaintiff's founders co-authored a children's book entitled "The El on the Shelf: A Christmas Tradition."

12)     Since then, Plaintiff has continuously published, marketed, and sold the book alongside a line of plush Christmas elf dolls, and related products aimed at families with children.

13)     Plaintiff owns and uses various trademarks for its various product offerings including, but not limited to, THE ELF ON THE SHELF, SCOUT ELF, ELF PETS, and CLAUS COUTURE (collectively "Plaintiff's Marks").

14)     Plaintiff has sold certain of its plush dolls and accessories in commerce in the United States under Plaintiff's Marks since at least 2005, has used Plaintiff's Marks continuously since that date, and has not abandoned Plaintiff's Marks.

15)     As a result of Plaintiff's widespread advertising and marketing of its plush dolls and accessories under Plaintiff's Marks, together with the substantial sales of those goods, Plaintiff has established considerable goodwill in Plaintiff's

Marks, which are valuable source identifiers, in the United States and around the world.

16)     Plaintiff owns numerous federal trademark registrations for Plaintiff's Marks. True and correct copies of certificates of registration for some of Plaintiff's Marks are attached as Exhibit A (collectively, "Plaintiff's Registrations").

17)     Each of Plaintiff's Registrations is valid and enforceable, and many are incontestable.

18)     Plaintiff manufactures and distributes, and authorizes others to manufacture and distribute, a number of original works of creative expression, including plush dolls, books, and related accessories (collectively, the "Copyrighted Works").

19)     Plaintiff's Copyrighted Works include male and female Scout Elf plush dolls in both light and dark; a reindeer plush doll; a St. Bernard plush doll; *The Elf on the Shelf: A Christmas Tradition* book and illustrations; *Elf Pets: A Reindeer Tradition* book and illustrations; and *Elf Pets: A Saint Bernard Tradition* book and illustrations.

20)     Each of Plaintiff's Copyrighted Works constitutes an original work of authorship embodying copyrightable subject matter, subject to and entitled to the full protection of the United States Copyright Act.

21)     Plaintiff owns the copyrights to all of Plaintiff's Copyrighted Works.

22)     Plaintiff's Copyrighted Works are registered with the United States Copyright Office. True and correct copies of the Certificates of Registration for each of Plaintiff's Copyrighted Works are attached hereto as Exhibit B.

23)     On information and belief, Defendants offer for sale and sell a wide variety of goods to customers in the United States, including in this judicial district.

24)     On information and belief, Defendants routinely sell goods bearing counterfeit or infringing marks of well-known trademark owners.

25)     On information and belief, Defendants hide their true identities by using aliases, withholding or providing false contact information, or otherwise using false and deceptive means to avoid detection.

26)     Defendants are offering for sale and selling in commerce unauthorized reproductions of one or more of Plaintiff's Copyrighted Works.

27)     On information and belief, Defendants began offering for sale and selling unauthorized reproductions of one or more of Plaintiff's Copyrighted Works after the effective date(s) of registration of Plaintiff's Copyrighted Works.

28)     Defendants are using in commerce colorable imitations of one or more of Plaintiff's Marks, or marks that are confusingly similar to one or more of

Plaintiff's Marks, on or in connection with the advertising and sale of goods that are similar to or compete with Plaintiff's Copyrighted Works.

29)   Defendants are advertising and selling goods bearing counterfeit or infringing copies of Plaintiff's Marks through their respective virtual storefronts on the Marketplaces.

30)   Plaintiff and/or the undersigned counsel have reviewed all of the product listings at issue for each Defendant and confirmed that (a) each Defendant is using a mark which is identical to or substantially indistinguishable from one or more of Plaintiff's Marks on non-genuine reproductions of Plaintiff's Copyrighted Works; or (b) each Defendant is using a mark confusingly similar to one or more of Plaintiff's Marks in association with the marketing or sale of other goods and in such a manner as to confuse customers into believing the goods are genuine or associated with Plaintiff.

31)   None of the Defendants are authorized to offer for sale or sell goods bearing any of Plaintiff's Marks. Genuine goods bearing Plaintiff's Marks may be purchased only from Plaintiff directly or from authorized retailers.

32)   Based on the undersigned counsel's experience prosecuting similar cases, Defendants likely operate multiple virtual storefronts within and across multiple Marketplaces, are related to the manufacturers or suppliers of the

counterfeit and/or infringing goods, coordinate with each other to acquire, market, sell, and distribute counterfeit and/or infringing goods, sell the counterfeit and/or infringing goods through the same limited number of e-commerce marketplace platforms that are well-known as sources of counterfeit and/or infringing goods, share images and information about the counterfeit and/or infringing goods for use on their Marketplace storefronts, and participate in on-line forums dedicated to informing Marketplace sellers of new lawsuits and sharing defense and settlement strategies, and, therefore, form a "chain of distribution."

33)     Defendant's actions are willful and in bad faith. Plaintiff is forced to bring this action in this Court to protect its valuable copyright and trademark rights.

## COUNT I.

## INFRINGEMENT OF A REGISTERED TRADEMARK
## IN VIOLATION OF 15 U.S.C. § 1114

34)     Paragraphs 1-33 are realleged and incorporated herein by reference.

35)     Defendants are using marks or symbols in commerce that are likely to cause confusion, or to cause mistake, or to deceive, and likely to cause purchasers and potential purchasers to falsely believe that Defendants' goods are sponsored by, approved by, or affiliated with Plaintiff, or that Plaintiffs' goods are sponsored by, approved by, or affiliated with Defendants.

36)     Defendants are using in commerce marks or symbols that are identical to, substantially indistinguishable from, colorable imitations of, or confusingly similar to Plaintiff's Marks, and the unauthorized use of Plaintiff's Marks by Defendants in commerce is likely to cause damage and other irreparable injury to Plaintiff unless such use is enjoined by this Court, Plaintiff having no adequate remedy at law.

37)     Defendants' use of marks in commerce that are identical to, substantially indistinguishable from, colorable imitations of, or confusingly similar to Plaintiff's Marks constitutes an infringement of Plaintiff's rights in and to its federally registered Marks in violation of 15 U.S.C. § 1114.

38)     After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that Defendants' aforesaid acts have been and are being committed with the knowledge of Plaintiff's Marks and that such acts are likely to cause confusion, or to cause mistake, or to deceive. Defendants' acts are, therefore, intentional, willful, and are maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

39)     In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants: (1) their profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of Defendants'

violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees, treble damages, and/or enhanced profits.

40)     Plaintiff is further entitled to an award of three times its damages or Defendants' profits for those Defendants found to be intentionally using a counterfeit mark, pursuant to 15 U.S.C. § 1117(b).

41)     Alternatively, Plaintiff may elect at any time before judgment to recover, instead of actual damages or profits, an award of statutory damages of not less than $1,000 or more than $2,000,000 per counterfeit mark per type of good or service sold or offered for sale.

42)     Plaintiff has been or is likely to be irreparably damaged by Defendants' use of counterfeit and/or infringing marks in the United States and will continue to be irreparably damaged unless immediately and permanently enjoined by this Court.

## COUNT II.

## FEDERAL UNFAIR COMPETITION
## IN VIOLATION OF 15 U.S.C. § 1125(a)

43)     Paragraphs 1-33 are realleged and incorporated herein by reference.

44)     In marketing and selling their goods in commerce in the United States, Defendants have used in connection with their goods a false designation of origin that is likely to cause confusion, to cause mistake, or to deceive others to believe

that Defendants' goods are sponsored by, approved by, originate with, or are affiliated with Plaintiff, or that Plaintiff's goods are sponsored by, approved by, originate with, or are affiliated with Defendants. Defendants have caused their goods to be offered for sale in commerce with knowledge of such false designation of origin or description or representation.

45)     Defendants have willfully promoted in commerce the sale of their goods in a manner so as to falsely designate an origin or an association with Plaintiff or with Plaintiff's Marks, so as to be likely to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Plaintiff's or Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

46)     Plaintiff has been and/or will be irreparably damaged by the use of such false designation and/or representation and will continue to be irreparably damaged unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

47)     Defendants' acts constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. § 1125(a).

48)     In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants: (1) their profits, (2) any damages sustained by Plaintiff, and (3)

the costs of the instant action. Further, based upon the willful nature of Defendants' violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees and the trebling of such profits or damages.

## COUNT III.

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

49)     Paragraphs 1-33 are realleged and incorporated herein by reference.

50)     Defendants' use of marks that are confusingly similar to Plaintiff's Marks, in connection with goods which are the same as or are competitive with the goods of Plaintiff, is likely to cause confusion, to cause mistake, and to deceive.

51)     Defendants are offering their goods for sale with full knowledge of Plaintiff's Marks.

52)     Defendants have promoted and offered for sale their goods in such a manner as to suggest an association, affiliation, or sponsorship with, or approval by Plaintiff, or so as to cause, or be likely cause, confusion or mistake among purchasers as to the origin or sponsorship of Plaintiff's or Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

53)     The aforesaid conduct of Defendants constitutes infringement of Plaintiff's common law rights in and to Plaintiff's Marks, and further constitutes common law unfair competition, all of which has irreparably damaged and/or will

24

irreparably damage Plaintiff, together with its goodwill and reputation, unless

Defendants are enjoined and restrained by this Court, Plaintiff having no adequate

remedy at law.

## COUNT IV.

## COPYRIGHT INFRINGEMENT
## IN VIOLATION OF 17 U.S.C. § 106

54)     Paragraphs 1-33 are realleged and incorporated herein by reference.

55)     Plaintiff is the sole and exclusive owner of all right, title, and interest

in and to the Copyrighted Works.

56)     Defendants are reproducing, distributing and/or creating unauthorized

derivative works and/or copies of one or more of Plaintiff's Copyrighted Works.

57)     Plaintiff has not licensed or otherwise authorized any Defendant to

reproduce, publicly display, distribute, or create derivative works of any of the

Copyrighted Works.

58)     Defendants' infringement is willful and in knowing disregard for

Plaintiff's rights.

59)     Defendants' actions constitute willful copyright infringement within

the meaning of 17 U.S.C. § 504(c)(2).

60)     As a result of Defendants' infringement, Plaintiff is entitled to recover

any damages it has sustained and will sustain, and any profits obtained by

Defendants as a result of or attributable to the infringement, in an amount to be proven at trial.

61)    Alternatively, Plaintiff is entitled to an award of statutory damages in an amount of not less than $750 and not more than $150,000 per Copyrighted Work infringed.

62)    Plaintiff is also entitled to preliminary and permanent injunctive relief to prevent Defendants from continuing to infringe Plaintiff's Copyrighted Works pursuant to 17 U.S.C. § 502.

63)    Additionally, Plaintiff is entitled to recover its full costs, including its reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for a judgment of the Court as follows:

1)    That Defendants, and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from advertising, offering for sale, or selling plush dolls, books, and/or related accessories under or in connection with Plaintiff's Marks or any other designation, trademark or service mark that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Plaintiff's or Defendants' goods, or from otherwise infringing Plaintiff's Marks;

2)      That Defendants, and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from reproducing, distributing, and/or creating unauthorized derivative works and/or copies of Plaintiff's Copyrighted Works or from otherwise infringing Plaintiff's copyrights;

3)      That an accounting be conducted and judgment be rendered against Defendants for:

a)      all profits received by Defendants from the sale of goods under or in connection with Plaintiff's Marks in the United States;

b)      all damages in an amount proven at trial from, *inter alia*, Defendants' trademark infringement, unfair competition, false designation of origin, and false description or representation, pursuant to 15 U.S.C. § 1051 *et seq.*; and

c)      any other actual and compensatory damages in an amount not presently known but to be computed during the pendency of this action;

4)      That any damages assessed against Defendants for trademark infringement and unfair competition be trebled, as provided by 15 U.S.C. § 1117, and any profits be enhanced as warranted;

5)      Alternatively, that Plaintiff recover statutory damages from each Defendant found to be using a counterfeit mark of no less than $1,000 and no more than $2,000,000 per mark per type of good sold;

6)      That Plaintiff be awarded damages for copyright infringement under the Copyright Act, 17 U.S.C. § 504 *et seq.*, together with any profits obtained by Defendants as a result of or attributable to its copyright infringement; or in the alternative and at Plaintiff's election, an award of statutory damages of not less than $750 and not more than $150,000 per Copyrighted Work infringed;

7)      That this Court order Defendants to deliver up for destruction all unauthorized copies of Plaintiff's Copyrighted Works in their possession, custody, or control;

8)      That each Defendant be directed to file with the Court and serve upon Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which each has complied with the injunctions of the immediately preceding paragraphs and any other provision of this Court's Order.

9)      That Plaintiff have and recover its costs in this suit, including but not limited to reasonable attorney's fees and expenses.

10)     That Plaintiff have such other and further relief as this Court may deem just and proper.

Dated: November 18, 2022.

Respectfully submitted,
THE SLADKUS LAW GROUP

*s/ Carrie A. Hanlon*
Carrie A. Hanlon
Ga. Bar No. 289725
E-mail: carrie@sladlaw.com
Jeffrey B. Sladkus
Ga. Bar No. 651220
E-mail: jeff@sladlaw.com
Jason H. Cooper
Ga. Bar No. 778884
E-mail: jason@sladlaw.com

1397 Carroll Drive
Atlanta, GA 30318
Telephone: (404) 252-0900
Facsimile: (404) 252-0970

***Attorneys for Plaintiff***